IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| **BETTY JO JONES, fka BETTY ROGERS,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO: 3:07-cv-695 |
| ) | |
| **GENERAL INFORMATION SERVICES, INC.,** ) | |
| ) | |
| Defendant. ) | |

## ANSWER

Defendant General Information Services, Inc. ("GIS"), by its undersigned counsel, hereby submits this Answer to the Complaint. All allegations not expressly admitted are denied.

1. GIS lacks sufficient information to admit or deny the allegations in paragraph 1, and therefore denies those allegations.

2. GIS denies the allegations in paragraph 2, except that it admits that GIS is a South Carolina corporation with its principal place of business located at 917 Chapin Road, Chapin, South Carolina. The records of the Virginia State Corporation Commission published on the web speak for themselves.

3. GIS admits that venue is proper in the Richmond Division of the United States District Court for the Eastern District of Virginia.

4. GIS denies the allegations in paragraph 4, except that it admits that this Court may exercise personal jurisdiction over GIS.

5. GIS lacks sufficient information to admit or deny the allegations in paragraph 5, and therefore denies those allegations.

6. GIS lacks sufficient information to admit or deny the allegations in paragraph 6, and therefore denies those allegations.

7. GIS admits the allegations in paragraph 7.

8. GIS denies the allegations in paragraph 8, except that it admits that prior to April 20, 2007, GIS provided 7-Eleven a written report. That report speaks for itself.

9. GIS denies the allegations in paragraph 9, except that it admits that prior to April 20, 2007, GIS provided 7-Eleven a written report. That report speaks for itself.

10. GIS denies the allegations in paragraph 10, except that it admits that as of May 7, 2007, no criminal charges were pending against Plaintiff in Hanover County, Virginia.

11. GIS denies the allegations in paragraph 11.

12. GIS lacks sufficient information to admit or deny the allegations in paragraph 12, and therefore denies those allegations.

13. GIS lacks sufficient information to admit or deny the allegations in paragraph 13, and therefore denies those allegations.

14. GIS lacks sufficient information to admit or deny the allegations in paragraph 14, and therefore denies those allegations.

15. GIS denies that allegations in paragraph 15, except that it admits that on or about April 24, 2007, plaintiff contacted GIS and disputed the information that GIS had provided to 7-Eleven regarding the pending criminal charges.

16. GIS lacks sufficient information to admit or deny the allegations in paragraph 16, and therefore denies those allegations.

17. The website of GIS speaks for itself.

18. GIS denies the allegations in paragraph 18.

19. GIS denies the allegations in paragraph 19.

20. GIS denies that it knew that Plaintiff had a contractual relationship with 7-Eleven or that Plaintiff enjoyed a business expectancy of continued employment with 7-Eleven.  GIS lacks sufficient information to admit or deny the remaining allegations in paragraph 20, and therefore denies those allegations.

21. GIS incorporates by reference its responses as set forth above.

22. GIS denies the allegations in paragraph 22.

23. GIS incorporates by reference its responses as set forth above.

24. GIS denies the allegations in paragraph 24.

25. GIS denies the allegations in paragraph 25.

26. GIS denies the allegations in paragraph 26.

27. GIS denies the allegations in paragraph 27.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate any damages she may have suffered.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's defamation claim is precluded by the Fair Credit Reporting Act.

GIS lacks sufficient information to know whether he may have additional affirmative defenses available.  GIS therefore reserves the right to amend this Answer to add defenses based upon information received through discovery or further legal analysis and investigation of Plaintiff's claims in this litigation.

WHEREFORE, GIS respectfully requests that this Court:

1.  Deny all of Plaintiff's requests for damages or other relief;

2.  Dismiss the Complaint with prejudice and enter judgment in favor of GIS and against Plaintiff; and

3.  Award GIS its costs and such other and further relief as the Court may deem just and proper.

Dated:  November 30, 2007          Respectfully submitted,

GENERAL INFORMATION SERVICES, INC.

 /s/ Cameron S. Matheson
Cameron S. Matheson (VSB No. 47145)
LeClairRyan, A Professional Corporation
Riverfront Plaza, East Tower
951 East Byrd Street
Post Office Box 2499
Richmond, Virginia 23218-2499
Tel: (804) 916-7126
Fax: (804) 783-7645
cameron.matheson@leclairryan.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 30th day of November 2007, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

W.R. Baldwin, III, Esq.
Marchant, Honey & Baldwin, LLP
5600 Grove Ave.
Richmond, VA  23226
billbaldwin@comcast.net

 /s/ Cameron S. Matheson
Cameron S. Matheson